FULMER, Acting Chief Judge.
Robert R. Carra appeals an order entered pursuant to section 948.325, Florida *722 Statutes (1997), compelling him to submit a blood sample. We conclude that Carra was not subject to the mandate of the statute and, therefore, reverse.
Section 943.325, Florida Statutes (1997), sets forth procedures by which blood samples may be collected, analyzed and entered into a statewide automated personal identification system maintained by Florida Department of Law Enforcement. The subsection relevant to this appeal provides:
(l)(a) Any person convicted, or who was previously convicted and is still incarcerated, in this state for any offense or attempted offense defined in chapter 794, chapter 800, s. 782.04, s. 784.045, s. 812.133, or s. 812.135, and who is within the confines of the legal state boundaries, shall be required to submit two specimens of blood to a Department of Law Enforcement designated testing facility as directed by the department.
(Emphasis added). On October 3, 1997, the State filed a motion to compel Carra to give blood samples. At that time, Carra was on probation for a 1990 aggravated battery conviction. He was not incarcerated. Thus, while he met the statutory requirement of having been “previously convicted” he did not meet the requirement of being “still incarcerated.”
We recognize that at an earlier time during the active procedural history of Carra’s conviction and sentence, Carra may have been subject to the mandate of the statute had the State filed a timely motion. It did not, and because Carra was no longer incarcerated by the time the State did file its motion, we reverse the trial court’s order granting the State’s motion.
Reversed.
WHATLEY and NORTHCUTT, JJ„ Concur.